# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry Jermaine McCool, | Civ. No. 19-158 (SRN/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michelle Smith, | |
| Respondent. | |

Petitioner Larry Jermaine McCool has filed a petition for a writ of habeas corpus challenging the validity of a conviction of a first-degree controlled-substance crime in Minnesota state court. *See* 28 U.S.C. § 2254. The petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because McCool's habeas petition is untimely, it is recommended that this matter be dismissed.

McCool was convicted after a jury trial in April and May 2013. On November 24, 2014, the Minnesota Court of Appeals affirmed the conviction on direct appeal. *See State v. McCool*, No. A13-2128, 2014 WL 6608923 (Minn. Ct. App. Nov. 24, 2014). The Minnesota Supreme Court denied McCool's petition for review on January 20, 2015. McCool did not seek a writ of certiorari from the United States Supreme Court.

On September 27, 2016, McCool filed a petition for post-conviction relief in the state courts. *See* Petition at 16 (Doc. No. 1). That petition was denied by the trial court as procedurally barred, and the denial was affirmed by the Minnesota Court of Appeals. *See*

*McCool v. State*, No. A17-1303, 2018 WL 1462334 (Minn. Ct. App. Mar. 26, 2018). McCool was given until May 25, 2018, to file a petition for review with the Minnesota Supreme Court (an extension of the ordinary period for filing a petition for review under state law), but he failed to timely submit his petition for review by that date, and his appeal was dismissed.

McCool now seeks federal habeas corpus relief on five grounds. An in-depth analysis of the merits of McCool's claims is unnecessary, though, because McCool's petition is plainly barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

2

>                     discovered through the exercise of due
>                     diligence.

The final two of those provisions are irrelevant here. None of McCool's claims asserts a newly recognized constitutional right; nor do any of his claims depend upon a factual predicate that could not have been discovered prior to the time of his direct appeal. Accordingly, the one-year limitations period for McCool is established by either § 2244(d)(1)(A) or § 2244(d)(1)(B).

The date on which McCool's conviction became final is readily determinable. McCool's petition for review on direct appeal was denied by the Minnesota Supreme Court on January 20, 2015. McCool then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court. He failed to do so. Under § 2244(d)(1)(A), then, McCool reached "the conclusion of direct review" on April 20, 2015—the deadline for filing a petition for a writ of certiorari, *see Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001)—and the one-year limitations window began running on that date.

McCool, however, suggests that at the time his conviction became final for purposes of § 2244(d)(1)(A), he was under an "impediment to filing an application created by State action." 28 U.S.C. § 2244(d)(1)(B). First, claims McCool, he was subject to a "Boot Camp" during which he was prohibited from "having anything in court." Petition at 16. This restriction ended on March 16, 2016. *Id*. Second, following the boot camp, McCool was placed in administrative segregation for 120 days, during which time "he was denied access to the law library and legal assistance." *Id*.

McCool does not provide an exact date on which his time in administrative segregation ended, but the question is ultimately irrelevant. A petitioner "is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009); *accord Molina v. Britten*, No. 4:11-CV-3141, 2012 WL 2368808, at *2-3 (D. Neb. June 21, 2012). Although McCool alleges that he lacked access to legal assistance and a law library during his time in administrative segregation, he does not claim that he was unable *altogether* to file court documents during that time. Nor would segregation have foreclosed McCool from initiating a habeas corpus action as a practical matter. McCool need not have further researched his claims, as he would have been restricted to grounds for relief already fully presented and litigated in the state courts. *See* 28 U.S.C. § 2254(b). To the extent that McCool would have needed further time to prepare a brief or submit materials supporting his claims, such time would freely have been granted and would not have affected the limitations period established by § 2244(d). *See, e.g.*, *Knutson v. McNurlin*, Civ. No. 15-2807 (DSD/BRT), 2015 WL 9224180, at *1 (D. Minn. Nov. 23, 2015) (explaining that petitioner "finds himself unable to fully explain his claims for relief before the expiration of the federal limitations period, he may file a 'skeletal' petition that broadly identifies those claims and request additional time to file a supporting memorandum"); *Plunk v. Hobbs*, No. 5:08cv00203 SWW-JWC, 2010 WL 6083828, at *11 (E.D. Ark. Dec. 2, 2010) ("Petitioner's act of filing a protective, skeletal

4

petition within the filing period, expressly requesting permission to amend, is conduct suggested by the courts as a means of preserving federal claims.").

By contrast, McCool alleges that he was restricted by the State of Minnesota *entirely* from submitting documents of any kind to any court from the date his conviction became final until March 16, 2016. *See* Petition at 16. Based on that allegation, this Court will assume, for purposes of this Recommendation, that McCool's one year-limitations period did not begin to run until March 16, 2016, despite his conviction having become final almost one year earlier. *See* 28 U.S.C. § 2244(d)(1)(B).

The petition is nevertheless untimely. One hundred and ninety-five days passed between March 16, 2016, and September 27, 2016, the date on which McCool filed his petition for post-conviction review in state court. The limitations "clock" then stopped for the duration of those state post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2); *Cordle v. Guarino*, 428 F.3d 46, 48, n.4 (1st Cir. 2005). The state post-conviction proceedings concluded on May 25, 2018, the date by which he was required to submit a petition for review with the Minnesota Supreme Court. The limitations "clock" thus restarted on that date. Another 237 days passed until McCool's petition was placed in the prison mail system on January 17, 2019, and thereby deemed filed for purposes of § 2244(d). *See* Rule 3(d), Rules Governing Section 2254 Cases. In total, 432 days (195+237) elapsed from March 16, 2016, through January 17, 2019, during which a petition for post-conviction review was not pending in the state courts. Section 2244(d)(1) permits only 365 days to elapse before a habeas petitioner must

initiate an action. McCool's petition is therefore too late, and this matter should be dismissed.

Only two matters merit further comment:

First, should the petition be dismissed as recommended, McCool's application to proceed *in forma pauperis* may also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat McCool's current habeas corpus petition differently than it is being treated here. McCool has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that McCool should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Larry Jermaine McCool (Doc. No. 1) be DISMISSED.

2. McCool's application to proceed *in forma pauperis* (Doc. No. 2) be DENIED.

3. No certificate of appealability be issued.

Dated: March 11, 2019        *s/ Becky R. Thorson*
                             BECKY R. THORSON
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).